FILED

2024 Feb-08  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CECIL WAYNE SANFORD** | ) |

## INFORMATION

The United States Attorney charges:

## Introduction

At all times relevant to this Information:

1.     **CECIL WAYNE SANFORD** was licensed by the state of Alabama as an individual home builder.

2.     **SANFORD** operated his residential construction business through Stone Pointe Builders, LLC, a company he owned.

3.     Between at least 2020 and February 2022, **SANFORD** agreed to build houses for a number of individuals and families. He met with them, signed contracts with them, and collected down payments and other money from them, through his company Stone Pointe Builders, purportedly for expenses related to building their homes.

1

4.      During at least that same period, **SANFORD** knew that the money would be used to fund unrelated projects or pay his living expenses—including restaurant and bar tabs and car loan payments on his Porsche.

5.      Between at least 2020 and February 2022, **SANFORD** fraudulently obtained down payments and loan draws from individuals' and families' construction loans. The funds were purportedly for construction of those individuals' and families' homes but were actually used for unrelated purposes.

## COUNT ONE
### Wire Fraud
### [18 U.S.C. § 1343]

6.      Paragraphs 1 through 5 of this Information are realleged and incorporated as though fully set forth herein.

## The Scheme

7.      From at least 2020 to in or about February 2022, the defendant, **CECIL WAYNE SANFORD**, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

8.      It was part of the scheme and artifice that **SANFORD** recruited individuals and families to use **SANFORD** as their homebuilder.

2

9.     It was part of the scheme and artifice that **SANFORD** induced individuals and families to sign contracts with him or his company Stone Pointe Builders.

10.     It was part of the scheme and artifice that **SANFORD** induced the individuals and families described above to make down payments or release draws from construction loans to him or his company Stone Pointe Builders.

11.     It was part of the scheme and artifice that **SANFORD** made misrepresentations to individuals and families described above regarding how those funds would be used.

12.     It was part of the scheme and artifice that **SANFORD** used payments described above to pay for unrelated projects, outstanding debt, and personal expenses.

## Act in Execution of the Scheme

13.     On or about July 19, 2021, within the Northern District of Alabama and elsewhere, the defendant,

### CECIL WAYNE SANFORD,

for the purpose of executing the scheme and artifice described above, knowingly and intentionally transmitted and caused to be transmitted a writing, sign, and signal by means of wire communication in interstate commerce, that is, the defendant caused check number 398452 in the amount of $43,372.00 to be deposited into the Central

State Bank account ending in 2517 held by Stone Pointe Builders and controlled by

**SANFORD**.

All in violation of Title 18, United States Code, Section 1343.

## **FIRST NOTICE OF FORFEITURE**
[18 U.S.C. § 981(a)(1)(C)]

1.      The allegations in Count One of this Information are hereby re-alleged

and incorporated by reference for the purpose of alleging forfeiture pursuant to Title

18, United States Code, Section 981(a)(1)(C).

2.      Upon conviction of the offense set forth in Count 1 of this Information,

**SANFORD** shall forfeit to the United States of America, pursuant to Title 18, United

States Code, Section 981(a)(1)(C), any property, real or personal, that constitutes or

is derived, directly or indirectly, from gross proceeds traceable to the commission of

the offenses.

3.      The property to be forfeited, includes, but is not limited to, a money

judgment of $1,269,012.88, representing the proceeds obtained from the offenses.

4.      If any of the property described above, as a result of any act or omission

of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

4

e.      has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


PRIM F. ESCALONA
United States Attorney

*/s/Electronic Signature*

_____
JOHN B. WARD
Assistant United States Attorney